IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 07-CR-249 |
| | : | CIVIL ACTION NO. 09-CV-2702 |
| WREH TIEWLOH | : | |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                           September 22, 2009
UNITED STATES MAGISTRATE JUDGE

  Presently before this court is a Habeas Corpus Motion Under 28 U.S.C. § 2255, filed *pro se*.

Wreh Tiewloh ("Defendant"), currently incarcerated at the Federal Correctional Institution-Dix in

Fort Dix, New Jersey, seeks post-conviction relief based on the claim that his five year sentence for

possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)

should be concurrent with, rather than consecutive to, his five year sentence for possession of five

or more grams of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

If Defendant's claim has merit, the length of his incarceration would be reduced by five years.  The

Honorable Joel S. Slomsky referred this matter to the undersigned for preparation of a Report and

Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is

recommended that Defendant's motion be DENIED without a hearing.

## I.  BACKGROUND AND PROCEDURAL HISTORY[1]

  On May 3, 2007, Defendant was charged with possession of five or more grams of cocaine

base with the intent to distribute in violation 21 U.S.C. § 841(a)(1) (Count One) and possession of

a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two).

---

[1]The facts set forth in this background and procedural history were gleaned from Defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 ("Mot."), the Motion for Restructuring Petitioner's Term of Imprisonment ("Supp. Mot.") attached thereto, the Government's Response and Memorandum of Law in Opposition to Defendant's Motion Pursuant to 28 U.S.C. § 2255 ("Resp."), the criminal docket for this case ("Docket"), and the district court's entire file.

Docket Entry 1.  A jury convicted Defendant convicted of both counts, on September 28, 2007.

Docket Entry 40.  On April 14, 2008, the Honorable James T. Giles imposed a five year sentence

for Count One and a consecutive five  year sentence for Count Two.[2]  Docket Entries 50, 51.

Defendant filed a timely notice of appeal on April 16, 2008, Docket Entry 53; the Third Circuit

affirmed judgment of sentence on March 31, 2009.  Supp. Mot. at 2.  Defendant did not seek

*certiorari* in the United States Supreme Court.

On July 27, 2009, Defendant filed the instant § 2255 Motion asserting that his five year

sentence under § 924(c) should have been concurrent with, rather than consecutive to, his five year

sentence under § 841(a)(1).  Supp. Mot. at 4-7.  The Government, in response to Defendant's

Motion, maintains that Defendant's claim lacks merit in light of the Third Circuit's July 28, 2009

decision in *United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009).  Resp. at 2.  The court agrees that

Defendant raises no valid grounds for habeas relief.

## II.  DISCUSSION

### A.      Standard of Review

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose
> such sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255(a).  In applying this standard, Defendant's sentence is legal.

---

[2]Judge Giles also imposed five years of supervised release, a $2,000 fine and a $200 special assessment.  Defendant does
not challenge these components of his sentence.

**B.      Discussion**

Section 924(c)(1) states in relevant part:

> (A) *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-*
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> .    .    .    .    .
>
> (D) Notwithstanding any other provision of law-
>
> (i) a court shall not place on probation any person convicted of a violation of this subsection; and
>
> (ii) *no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person,* including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 934(c)(1) (emphasis added).

Defendant maintains that the prefatory language in § 924(c)(1)(A) - "Except to the extent that a greater minimum sentence is otherwise provided by . . . any other provision of law" - requires that his five year sentence for violation of § 924(c) be concurrent with, rather than consecutive to, his five year sentence for violation of § 841(a)(1).  Supp. Mot. at 4-7.  He grounds his argument on the construction given to § 924(c)(1)(A)'s prefatory language in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008).  Supp. Mot. at 4-7.

Defendant's argument fails for two reasons.  First, the Third Circuit has expressly rejected the Second Circuit's *Whitley* decision and held that the sentence required for violation of § 924(c)(1) must be consecutive to any other sentence to which a defendant may be subject.  *See Abbott*, 574 F.3d at 206, 209-11.  Second, even if the Third Circuit had followed *Whitley*, Defendant could not qualify for a concurrent sentence because his § 841(a)(1) sentence was equal to,  not greater than, his § 924(c) sentence.  Hence, the prefatory language Defendant relies upon is inapplicable.

### III.  CONCLUSION

Defendant's sole claim lacks merit.  Therefore, the § 2255 motion should be denied. Reasonable jurists would not debate the appropriateness of the court's substantive disposition of his claim; therefore, a certificate of appealability should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, I make the following:

## <u>RECOMMENDATION</u>

AND NOW, this 22nd  day of September, 2009, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Defendant's sole claim be DENIED, without an evidentiary hearing.  Defendant has failed to demonstrate that any reasonable jurist could find this court's substantive rulings debatable; hence, there is no probable cause to issue a certificate of appealability.

Defendant may file objections to this Report and Recommendation within ten (10) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

_/s/ Carol Sandra Moore Wells_
CAROL SANDRA MOORE WELLS
United States Magistrate Judge