IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 07-CR-249 |
| v. | : | |
| | : | |
| WREH TIEWLOH | : | CIVIL ACTION NO. 09-CV-2702 |
| | : | |

**<u>ORDER</u>**

AND NOW, this 15th day of October, 2009, upon consideration of the Petition for the Writ of Habeas Corpus (the "Petition") (Docket No. 70), Respondent's Answer in Opposition thereto (Docket No. 71), the Report and Recommendation filed by United States Magistrate Judge Carol Sandra Moore Wells (Docket No. 73), and Petitioner's Reply to Respondent's Answer in Opposition (Docket No. 74), and after an independent review of the pertinent record, it is ORDERED that:

1. The Report and Recommendation of Magistrate Judge Wells is APPROVED and ADOPTED. The Court agrees with the Report and Recommendation that Petitioner fails on his claim that his five year sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) should be concurrent with, rather than consecutive to, his five year sentence for possession of five or more grams of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Petitioner incorrectly bases his argument on statutory construction discussed in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), which the Third Circuit expressly rejected in *United States v. Abbott*, 574 F.3d 203 (3d. Cir. 2009). Further, Petitioner would not qualify for a concurrent sentence even if the Third Circuit did adopt *Whitley* because his § 841(a)(1) sentence was equal to, not greater than, his § 924(c) sentence.

2. The Petition for the Writ of Habeas Corpus (Docket No. 70) is DENIED.

3. All outstanding motions are DENIED as moot.

4. Defendant has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

5. The Clerk's Office shall close this case.

BY THE COURT:

/s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.